UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LAURENCE GREGORY,

          Plaintiff,                       MEMORANDUM & ORDER

         -against-                      07-CV-1542 (NGG)

SONDRA K. PARDES, personally and individually in
her official capacity,

          Defendant.
------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff Laurence Gregory brings this action under 42 U.S.C. § 1983, claiming that Defendant Sondra K. Pardes, a Nassau County District Court Judge, conspired with Christopher G. Quinn, also a Nassau County District Court Judge, and Kathy Doyle, an Assistant District Attorney, to deprive Gregory of his constitutional rights. Gregory claims that (1) Pardes lied when she stated that she could not dismiss Gregory's misdemeanor charge pursuant to New York's speedy-trial law; (2) Pardes failed to correctly follow the provisions of New York's speedy-trial law; (3) Pardes conspired with Doyle to commit fraud upon the court, perjury, obstruction of justice, prosecutorial misconduct, and "default by the people" when she failed to correct Doyle's misrepresentations relating to Gregory's New York speedy-trial rights; and (4) Pardes conspired with Quinn to commit perjury when she falsely characterized rulings made by Quinn relating to Gregory's New York speedy-trial rights. (Complaint (Docket Entry # 1).)

      Gregory asks for a new jury trial, that his motion relating to his New York speedy-trial rights be heard by a different judge, that this court declare that Pardes has violated his constitutional rights, that Pardes's rulings not be enforced, and that Pardes be impeached. (Id.)

## I. DISCUSSION

Under the Rooker-Feldman doctrine, district courts generally lack subject-matter jurisdiction over claims that challenge state-court judgments. Kropelnicki v. Siegel, 290 F.3d 118, 129 (2d Cir. 2002); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").[1] This court therefore lacks jurisdiction to review the propriety of the New York court's determination that Gregory's speedy-trial rights were not violated.[2] This court also lacks jurisdiction over Gregory's claims relating to the alleged frauds perpetrated upon him by Doyle, Quinn, and Pardes, as these are matters inextricably intertwined with the state court judgment. See Kropelnicki, 290 F.3d at 128, Gentner v. Shulman, 55 F.3d 87, 88 (2d Cir. 1995) ("A trial judge is required to take measures against unethical conduct occurring in connection with any proceeding before him. . . . It was not the prerogative of the district court to pass upon the state judges' exercise of that duty in the instant case").

---

[1] Congress may provide such subject-matter jurisdiction legislatively. See, e.g., 28 U.S.C. § 2254 (providing a remedy in federal courts for a person held in state custody in violation of the Constitution or laws or treaties of the United States).

[2] Plaintiff is proceeding *pro se* and therefore the court has construed his complaint liberally. Hughes v. Rowe, 449 U.S. 5, 9 (1980). Nevertheless, none of his claims give rise to subject-matter jurisdiction in this court.

## II. CONCLUSION

Since this court lacks subject-matter jurisdiction over Gregory's claims, his complaint must be DISMISSED.

SO ORDERED.

Dated: April 4, 2008
       Brooklyn, N.Y.

/signed/
NICHOLAS G. GARAUFIS
United States District Judge